```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA

V.                      NO. 10-50125-001

SHERRIE HAVENS-O'DONNELL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

July 27, 2012, the Defendant/Movant Sherrie Havens-O'Donnell (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 20). The Government has filed a Response (Doc. 23), and the Defendant has filed two Supplements to her § 2255 motion (Docs. 28, 29.) The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

**PROCEDURAL BACKGROUND:**

On December 6, 2010, Defendant waived indictment and pled guilty to an information charging her with one count of conspiring to use an interstate facility to promote, manage, establish, carry-on and facilitate an unlawful activity, namely prostitution, in violation of 18 U.S.C. §§ 1952(a)(3)(A) (the "Travel Act") and 371. On June 20, 2011, a judgment was entered

-1-

sentencing Defendant to 46 months imprisonment, three years supervised release, and a $5,000,00 fine. (Doc. 15.) Defendant did not file a direct appeal.

**GROUNDS FOR § 2255 MOTION:**

In the motion now before the Court, which Defendant filed pro se, Defendant asserts the following grounds for relief:

Ground One: Defendant's conviction and sentence must be vacated and dismissed based on the Supreme Court's ruling in United States v. Santos, 553 U.S. 507 (2008)(plurality opinion);

Ground Two: Defendant's conviction and sentence can not stand because a conspiracy charge can not be added to the substantive charge;

Ground Three: Defendant is actually innocent-her plea of guilty was unknowing and involuntary due to ineffective assistance of counsel;

Ground Four: Prosecutorial Misconduct - there was no substantial federal interest in prosecuting her and the whole case was based on "'fabricated' evidence which was all lies." (Doc. 20 at pg. 9); and

Ground Five: Defendant was illegally sentenced under United States Sentencing Guidelines (U.S.S.G.) 2G1.3 and counsel was ineffective in failing to object to the application of this Guideline.

In her supplements to her motion, Defendant argues that her sentence was improperly enhanced based on facts that were not submitted to a jury, in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013), and that her counsel was ineffective in not asserting this argument.

**PROCEDURAL BAR:**

The Government argues that, with the exception of Defendant's ineffective assistance of counsel claims (asserted in Grounds Three, Five and her supplements to her § 2255 motion), Defendant's remaining claims are procedurally barred, as she did not file a direct appeal and assert these claims on appeal. Issues not raised in a direct appeal and raised for the first time in a § 2255 motion are procedurally defaulted. See Meeks v. United States, 742 F.3d 841, 844 (8th Cir. 2014). A defendant must demonstrate actual innocence or cause and prejudice to excuse a procedural default. Id. As discussed below, the undersigned sees no merit to Defendant's contention that she is actually innocent of the charges to which she pled guilty, and Defendant has not demonstrated any cause for her failure to raise her claims on direct appeal. Accordingly, Grounds One, Two, and Four are procedurally defaulted. While it is, therefore, unnecessary to address the merits of these claims, the undersigned will nevertheless do so.

**GROUND ONE: DEFENDANT'S CONVICTION AND SENTENCE MUST BE VACATED AND DISMISSED BASED ON THE SUPREME COURT'S RULING IN UNITED STATES V.SANTOS:**

At the time Santos was decided in 2008, the federal money laundering statute, 18 U.S.C. § 1956, did not define the term "proceeds."  In Santos, a divided Supreme Court held that the term proceeds referred to profits rather than receipts, as applied in the illegal gambling context.  Defendant argues that she "was only charged with conspiring . . . to distribute the 'proceeds' of an unlawful activity and [her case] is analogous to Santos."  (Doc. 20 at pg. 4.)

Defendant's conviction was based not just on using an interstate facility to distribute the proceeds of the prostitution enterprise, but on using an interstate facility to promote, manage, establish, carry on and facilitate the prostitution enterprise.  In the plea agreement, Defendant admitted to using the telephone and bank accounts to promote, manage, establish, carry-on and facilitate prostitution, and this alone was sufficient to support her conviction.

Accordingly, the undersigned sees no merit to Defendant's Santos argument.

**GROUND TWO: DEFENDANT'S CONVICTION AND SENTENCE CAN NOT STAND BECAUSE A CONSPIRACY CHARGE CAN NOT BE ADDED TO THE SUBSTANTIVE CHARGE:**

-4-

Defendant argues that "an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." (Doc. 20 at pg. 5.)  Defendant asserts that she "could not commit the substantive offense alone and required the participation of [co-conspirator] James B. Mitchell (and others) and thus falls under this exception." (Id.)  Defendant is essentially arguing the application of what is known as "Wharton's Rule." See Iannelli v. United States, 420 U.S. 770, 781-82 (1975).

The substantive offense forming the basis for Defendant's conviction (a violation of 18 U.S.C. § 1952(a)) "can be committed by a person acting alone as well as by persons acting in concert." United States v. Pezzino, 535 F.2d 483, 484 (9th Cir.), cert. denied, 429 U.S. 839 (1976).  Additionally, Wharton's Rule is inapplicable when the conspiracy involves the cooperation of a greater number of persons than is required for commission of the substantive offense. See Iannelli, 420 U.S. at 775.  In the present case, numerous individuals in addition to Defendant participated in the conspiracy.  Thus, Wharton's Rule does not bar Defendant's conspiracy convictions and Ground Two, is therefore, without merit.

**GROUND THREE: DEFENDANT IS ACTUALLY INNOCENT-HER PLEA OF GUILTY WAS UNKNOWING AND INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL:**

Defendant argues that the Government was required to prove that she "persuaded" or "induced" or "enticed" or "coerced" the escorts to have sexual relations with clients, and that there was no proof of such, nor did the prosecution allege Defendant was guilty of such conduct. Accordingly, Defendant argues that because she was actually innocent, her counsel was ineffective and her plea was not voluntary or knowing.

To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the performance prong of the inquiry, the scrutiny of counsel's performance must be highly deferential, without the distorting effects of hindsight, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. As to the prejudice prong of the inquiry, a defendant must demonstrate that the outcome of the plea process would have been different with competent advice. Id. Specifically, a defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Watson v. United States, 682 F.3d 740, 745 (8th Cir. 2012).

>In the plea agreement, Defendant stipulated that:
>
>In addition to working as a prostitute for the prostitution enterprise, [Defendant] answered the telephone lines and directed prostitutes on calls. [Defendant] **knew** that females working as prostitutes for Mitchell's service were engaging in acts of prostitution by providing sexual services to customers for payment.  When [Defendant] answered telephone lines from a customer, [Defendant] called the cellular telephone of a prostitute who worked for Mitchell . . . and directed her to the call to engage in an act of prostitution. . . .
>
>[Defendant] provided the following Miranda statements to law enforcement officers during an interview on August 31, 2010: [Defendant] began working as a prostitute for Mitchell in September 2006 and Mitchell drove [Defendant] to her first call for the enterprise where she had sex with the customer on that call; Mitchell stopped sending [Defendant] on calls until she agreed to operate the enterprise; Mitchell paid [Defendant] $10 per call if she collected money from the prostitutes . . . .

(Doc. 5 at pgs. 5-6) (emphasis added).

To establish a violation of the Travel Act, the Government was required to prove: (1) an unlawful activity; (b) knowledge of the Defendant of the unlawful activity; and (c) the use of interstate commerce (1) to facilitate the carrying on of the unlawful activity or, (2) to distribute the proceeds. 18 U.S.C. § 1952(a); United States v. Corona, 885 F.2d 766, 771 (11th Cir. 1989), cert. denied, 494 U.S. 1091 (1990).  Thus, contrary to Defendant's assertion, the Government did not have to prove that the Defendant persuaded, induced, enticed, or coerced the escorts to have sexual relations with clients; rather, the Government only had to prove that Defendant knew the escorts

were engaging in acts of prostitution and that Defendant used a facility of interstate commerce to facilitate the carrying on of this activity or to distribute the proceeds of this activity. Defendant admitted having knowledge of the escorts engaging in acts of prostitution and also admitted the remaining elements in the plea agreement's stipulation of facts.

Based upon the foregoing, Defendant has failed to establish her actual innocence and her ineffective assistance of counsel claim therefore fails.

**GROUND FOUR: PROSECUTORIAL MISCONDUCT – THERE WAS NO SUBSTANTIAL FEDERAL INTEREST IN PROSECUTING THE DEFENDANT AND THE PROSECUTION FABRICATED EVIDENCE:**

Defendant argues that there was "no substantial federal interest" in prosecuting her. This same argument was made in United States v. Dickson, 2012 WL 5845120, *4 (W.D. Ark. Oct. 29, 2012), adopted, 2012 WL 5862833 (2012), where the Court noted that the Travel Act specifically defined "unlawful activity" to include state prostitution offenses and held that it was clear that Congress "intended to extend to Federal Prosecution those misdemeanor acts that were engaged in crossing state lines in committing these offenses." Dickson, 2012 WL 5845120 at *3-4; 18 U.S.C. § 1952(b). Consistent with the holding in Dickson, the undersigned believes Defendant's argument in this regard is without merit.

Defendant further argues that the prosecution "made 'false allegations' to Mitchell's attorney that [Defendant] would testify that 'Mitchell was aware that minors worked as prostitutes in Mitchell's escort service' and [Defendant] <u>never</u> told [the prosecution] any such 'LIES' . . . . This whole case against [Defendant] and others . . . was based on 'fabricated' evidence which was all lies . . . . which constituted fraud and bad faith." (Doc. 104 at pg. 9.) Defendant's allegations are conclusory and unsupported. <u>See</u> <u>Morelos v. United States</u>, 709 F.3d 1246, 1253 (8th Cir. 2013) (finding no merit to defendant's claim of prosecutorial misconduct as it was based only on unsupported allegations). Further, Defendant's guilty plea forecloses all pre-plea non-jurisdictional attacks on her conviction, including prosecutorial misconduct. <u>See</u> <u>United States v. Shafer</u>, 2006 WL 995726, *1 (8th Cir. 2006).

**GROUND FIVE: DEFENDANT WAS ILLEGALLY SENTENCED UNDER UNITED STATES SENTENCING GUIDELINE 2G1.3:**

Defendant argues that U.S.S.G. § 2G1.3 requires proof of a defendant "Promoting a Commercial Act" and the Government neither alleged nor offered any proof that Defendant persuaded, induced, enticed, or coerced a minor to engage in any kind of sexual activity. Defendant argues that her counsel was ineffective in failing to object on this basis.

Initially, the undersigned notes that counsel did object to the application of § 2G1.3, but the Court nevertheless applied

-9-

this Guideline. The undersigned sees no merit to Defendant's challenge to the application of this Guideline. As set out in the presentence investigation report, a 17 year old girl was employed by the prostitution enterprise; the minor filled out an application for Defendant and put her correct date of birth on the application; Defendant instructed the minor to tell people she was 21-years-old if asked; Defendant instructed the minor that clients must wear condoms; the minor was instructed to collect $200 an hour from the clients; and Defendant booked calls for the minor. This evidence was clearly sufficient to support a finding that Defendant promoted a commercial sex act.

**ALLEYNE ARGUMENT:**

In her supplements to her motion, Defendant argues that her sentence was improperly enhanced based on facts that were not submitted to a jury, in violation of Alleyne, 133 S. Ct. 2151, and that her counsel was ineffective in not asserting this argument. The undersigned sees no merit to this claim.

In Alleyne, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt any fact which increased a mandatory minimum sentence. Id. at 255; see also United States v. Davis, 736 F.3d 783, 784 (8th Cir. 2013). Alleyne does not apply retroactively to cases on collateral review. See United States v. Winkelman, 2014 WL 1228194, at *2 (3rd Cir. 2014); United States v. Harris,

741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Stewart, 2013 WL 5397401, at *1 n. (4th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013).  In any event, Alleyne does not apply to Defendant's case, as the enhancements did not increase the maximum or minimum penalty that Defendant faced.  See United States v. Villasenor, 2014 WL 807050, at * 2 (9th Cir. 2014); Iheke v. Haynes, 2014 WL 806143, at *3 (E.D. Ark. 2014).

**CONCLUSION:**

Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 20) be DENIED and DISMISSED WITH PREJUDICE.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of

AO72A
(Rev. 8/82)

appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)