IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                   PLAINTIFF/RESPONDENT

v.                    Case No. 5:10-CR-50125

SHERRIE HAVENS-O'DONNELL                  DEFENDANT/PETITIONER

**OPINION AND ORDER**

      Currently before the Court are the Report and Recommendation ("R&R") (Doc. 32) filed in this case on March 31, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Petitioner Sherrie Havens-O'Donnell's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 20) and Petitioner's Objections to the R&R (Doc. 33). In light of Petitioner's Objections to the R&R, the Court has conducted a *de novo* review of the record, focusing in particular on the portions of the R&R to which specific objections have been made, in accordance with 28 U.S.C. § 636(b)(1)(C). After review, the Court finds that the objections lodged by Petitioner offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Magistrate's R&R (Doc. 32) is ADOPTED IN ITS ENTIRETY and Petitioner's § 2255 Motion to Vacate (Doc. 20) is DENIED.

**I. Background**

      On December 6, 2010, Petitioner waived indictment and pleaded guilty to an Information charging her with one count of conspiring to use facilities in interstate commerce to promote, manage, establish and carry on an unlawful activity, namely prostitution, and performed or attempted to perform an act to distribute proceeds of such

unlawful activity in violation of 18 U.S.C. §§ 1952(a)(3)(A) (the "Travel Act") and 371. (Doc. 2). On December 6, 2010, Petitioner entered into a Plea Agreement (Doc. 5) wherein she agreed to plead guilty to the one-count Information. On June 20, 2011, Petitioner was sentenced to 46 months imprisonment. Petitioner did not appeal the judgment. On July 27, 2012, Petitioner filed the present § 2255 Motion to Vacate, asserting five grounds for relief. The Magistrate recommended denying the Motion on all five grounds.

Petitioner now offers four objections in response to the Magistrate's recommendations to grounds one, three, four, and five.[1] As to grounds one and four, Petitioner fails to acknowledge the Magistrate's initial determination that these arguments were procedurally defaulted because they were not brought on direct appeal. The Court agrees with the Magistrate's analysis as to procedural default and finds that grounds one and four merit dismissal due to this reasoning alone. However, the Court will address Petitioner's substantive objections as to grounds one and four—along with grounds three and five.

First, as to ground one, Petitioner objects that her conviction should be deemed illegal because Congress never defined "proceeds" in 18 U.S.C. § 1952 and did not define "proceeds" within 18 U.S.C. § 1956 until after the Supreme Court's ruling in *United States v. Santos*. Thus, Petitioner argues that the term is ambiguous and should be construed in her favor, under the rule of lenity, as "profits," rather than "receipts." If the terms "proceeds" is construed to mean "profits," Petitioner maintains that her conviction should be vacated because she did not profit from unlawful activity.

---

[1] Petitioner abandoned ground two in her Objections to the R&R. Consequently, it is not addressed in the Court's Order.

Second, as to ground three, Petitioner asserts that her plea was involuntary and unknowing due to ineffective assistance of counsel. She maintains that counsel failed to advise her that the Government could not prove beyond a reasonable doubt that she knew that escorts engaged in prostitution.

Third, as to ground four, Petitioner argues that the charges against her were false due to prosecutorial misconduct. She requests an evidentiary hearing in order to further develop this argument for the Court's benefit.

Fourth, as to ground five, Petitioner argues that she was illegally sentenced under § 2G1.3 because she did not knowingly hire an under-aged escort.

## II. Discussion

### A. Ground One: Defect based on *United States v. Santos*

Petitioner contends that the term "proceeds" found in 18 U.S.C. § 1952 is ambiguous, in that it is not defined in § 1952, and that the rule of lenity favors Petitioner in finding that proceeds means profits, as found in the Supreme Court decision in *United States v. Santos*. Petitioner maintains that because she was convicted under this ambiguous term, her conviction is "illegal." (Doc. 33, p. 1). Petitioner argues that she "was only charged with conspiring . . . to distribute the 'proceeds' of an unlawful activity and [her case] is analogous to Santos." (Doc. 20, p. 4).

When *Santos* was decided in 2008, the federal money laundering statute at 18 U.S.C. § 1956 did not define the term "proceeds." A divided Supreme Court found that proceeds referred to profits rather than receipts, in the illegal gambling context. However, following the Supreme Court's holding in *Santos*, Congress amended § 1956 to define the term "proceeds" to include gross receipts. Fraud Enforcement and Regulatory Act of 2009,

Pub. L. 111-21, § 2(f)(1)(B), 123 Stat. 1617, 1618; *see* 18 U.S.C. § 1956(c)(9).  However, this decision is not relevant in Petitioner's case as she was not convicted of money laundering, but of conspiracy to use an interstate facility to promote, manage, establish, carry-on and facilitate prostitution in violation of 18 U.S.C. §1952(a)(3)(A).

Petitioner contends that the Government was unable to prove beyond a reasonable doubt that she performed or attempted to perform an act to distribute proceeds of prostitution because the Government "only charged [her] of 'distributing proceeds' (rather than distributing profits)." (Doc. 33, pp. 3-4). Petitioner contends if the alleged prostitutes did not charging clients money for sexual activity, then there could not be unlawful proceeds in which to charge her.  However, Petitioner admits through the stipulated facts in her Plea Agreement that the enterprise involved prostitution.  Further, she admits that she was paid "$10 per call if she collected money from prostitutes" (Doc. 5, p. 6) and that she deposited "money from acts of prostitution into Mitchell's bank account," which Mitchell used to pay prostitutes and other employees, as well as expenses of the prostitution enterprise. *Id.* at 5.  Moreover, she admits within the stipulated facts that "[p]rostitutes working for the enterprise were paid by customers with cash, check or credit card for sexual services. As part of the conspiracy, Mitchell directed [Petitioner] to collect the financial proceeds of acts of prostitution from the prostitutes." *Id.*  While Petitioner contends that proceeds must be construed to mean profits of the enterprise, all that is required in the charge against her was that she attempted to perform an act to distribute proceeds. This is supported by her admission that she deposited money from the prostitution enterprise, which Mitchell used to pay employees, such as Petitioner.

Further, Petitioner contends that because counsel did not raise the Santos defect,

she received ineffective assistance of counsel.  Under the two-part test announced in *Strickland v. Washington* for determining the validity of an ineffective assistance of counsel claim, Petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010).  Under the deficient performance prong, Petitioner must show that her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [her] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The scrutiny of counsel's performance is highly deferential, and there is a presumption that counsel's conduct fell within the wide range of reasonable assistance.  *Id.* at 689.

In order to satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Rice*, 449 F.3d 887, 897 (2006)(internal quotations omitted).  Thus, it is not sufficient for Petitioner to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)).  In addition, to the extent that Petitioner's claims arise out the plea process, she must show a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).  Here, the Court may conclude its analysis at the deficient performance prong of the *Strickland* test and need not reach the prejudice prong, since Petitioner's claim of a *Santos* defect was meritless, and it was therefore reasonable for counsel not to raise it.

Thus, Petitioner's first objection is overruled.

### B. Ground Three: Actual Innocence

Petitioner alleges that she is actually innocent and that her guilty plea was involuntary and unknowing due to ineffective assistance of counsel. She maintains her counsel misinformed her regarding the requirements for a guilty verdict, stemming from charges arising under 18 U.S.C. § 2422, and her Sixth Amendment rights were violated when counsel allowed her to plead guilty to charges counsel should have known the Government could not prove. Petitioner maintains her innocence as to all charges, despite the fact that she admitted at the plea hearing that she committed the offenses to which she was pleading guilty.

Petitioner advances arguments contradicted by stipulated facts in her signed guilty plea. Contrary to Petitioner's contention that she did not knowingly use proceeds associated with prostitution, her signed Plea Agreement provides within the stipulated facts that "the investigation revealed that the escort service was actually an intrastate and interstate prostitution enterprise under the guise of numerous escort service businesses" (Doc. 5, p. 4) and that Petitioner "conspired with Mitchell . . . to utilize facilities of interstate commerce, specifically telephones and bank accounts, to promote, manage, establish, carry-on and facilitate prostitution." *Id.* Further, Petitioner "knew that females working as prostitutes for Mitchell's service were engaging in acts of prostitution by providing sexual services to customers for payment." *Id.* at 5.

Petitioner pleaded guilty to violating the Travel Act. To establish a violation of the Travel Act, the Government only had to prove that the Government must prove that there was an unlawful activity—in this case, prostitution—that Petitioner had knowledge of the

unlawful activity, and that she used interstate commerce to facilitate the carrying on of the activity or to distribute proceeds. *United States v. Corona*, 885 F.2d 766, 771 (11th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

In her § 2255 Motion, Petitioner admits that she "KNEW some of the escorts had sexual relations with some of the clients some of the time." (Doc. 20, p. 7). The Plea Agreement confirms this knowledge, as it states Petitioner "knew that females working as prostitutes for Mitchell's service were engaging in acts of prostitution by providing sexual services to customers for payment." (Doc. 5, p. 5). Petitioner also admitted that she "began working as a prostitute for Mitchell in 2006" and was paid "$10 per call if she collected money from the prostitutes." *Id*. at 6.

Again, Petitioner's knowledge of the illegal activity are well established. Therefore, Petitioner's argument that the Government could not prove its case against her is meritless. As it cannot be ineffective assistance of counsel to fail to raise a meritless argument, Petitioner's second objection is overruled.

C.   Ground Four: Prosecutorial Misconduct

Petitioner objects to ground four regarding prosecutorial misconduct, contending that her case was fabricated by the prosecution team using perjured testimony. However, Petitioner's contention is belied by: (1) what she admits in the § 2255 Motion itself and (2) what she admitted to in the Plea Agreement as previously stated.

For the foregoing reasons, Plaintiff's third objection is without merit and will be overruled.

D.   Ground Five: Illegal Sentencing under U.S.S.G. § 2G1.3

Lastly, Petitioner contends that she was illegally sentenced under U.S.S.G. § 2G1.3,

because the Government could not prove that she persuaded, induced, enticed, or coerced a minor to engage in any kind of sexual activity. However, as correctly stated in the R&R, there is no merit to Petitioner's claim as the presentence investigation report ("PSR") sets out that a 17 year old girl was employed by the prostitution enterprise, that the minor filled out an employment application with Petitioner, and that Petitioner instructed the minor to inform people that she was 21 years old. Further, Petitioner instructed the minor to collect $200 per hour from clients, and Petitioner booked calls for the minor. The PSR was adopted by the Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, without change. This evidence supports a finding that Petitioner promoted a commercial sex act under § 2G1.3. This objection is overruled.

### III. Conclusion

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 32) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY** and Petitioner Sherrie Havens-O'Donnell's § 2255 Motion to Vacate (Doc. 20) is **DENIED** and her case is **DISMISSED WITH PREJUDICE**. Judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED this 5th day of August, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE